IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| MICHAEL CHAISON § | | |
| § | | |
| Plaintiff, § | | |
| § | | |
| v. § | NO. 4:14-CV-00377 | |
| § | | |
| TPC GROUP § | | |
| § | | |
| Defendant § | (JURY TRIAL DEMANDED) | |
| § | | |

## DEFENDANT TPC GROUP LLC'S ANSWER TO PLAINTIFF'S FIRST AMENDED COMPLAINT

Defendant TPC Group LLC ("TPC" or the "Company") files its Answer and Affirmative and Other Defenses to Plaintiff Michael Chaison's First Amended Complaint and respectfully shows the Court as follows:

### I. ANSWER

Subject to and without waiving the affirmative and other defenses set forth below, TPC responds as follows to the specific allegations contained in Plaintiff's First Amended Complaint:

#### A. Nature of the Case

1. TPC admits that Plaintiff has filed a civil against it, seeking damages for alleged violation of rights secured under the Constitution and laws of the United States. TPC denies that it violated any of Plaintiff's rights or is liable to Plaintiff for damages.

#### B. Parties

2. TPC admits the allegations.

3. TPC admits the allegations.

C.     **Jurisdiction**

4.     TPC admits that jurisdiction has been invoked under 42 U.S.C. § 2000e-5(f)(3), but denies that it violated any law or is liable to Plaintiff.

D.     **Venue**

5.     TPC admits that venue is proper in this district, but denies that it engaged in any unlawful employment practice with respect to Plaintiff.  TPC further denies any insinuation that Plaintiff is no longer employed at TPC, as he is still employed.  TPC admits that Plaintiff is an employee and that his job site is located in this district.

E.     **Exhaustion of Administrative Remedies**

6.     TPC admits that Plaintiff filed a charge of discrimination with the EEOC that alleged discrimination on the basis of race, sex, disability, and religion as well as retaliation.  TPC admits that Plaintiff amended his charge of discrimination.  TPC admits that Plaintiff was issued a right to sue letter on November 22, 2013 and admits that Plaintiff filed his original complaint within 90 days of receiving the notice.  TPC denies that all allegations complained of in this Amended Complaint were properly exhausted at the administrative level.

F.     **Factual Background**

7.     TPC admits the allegations.

8.     TPC admits that Plaintiff is an African-American male.  TPC is without knowledge or information sufficient to form a belief regarding Plaintiff's allegation that he suffers from Pseudo Folliculitis Barbae.  Accordingly, TPC denies the allegation.

9.     TPC denies that Plaintiff has worn a goatee for the entirety of his tenure with TPC.  TPC admits that OSHA regulations mandate that its employees take and pass an annual respirator fit test. TPC denies that Plaintiff has passed his fit test each year while maintaining facial hair.

10.     TPC denies that its management is predominately Caucasian.  TPC denies that there are no African-American supervisors.  TPC further denies that Caucasian candidates are selected over qualified African-American candidates for available management positions.  TPC is without knowledge or information sufficient to form a belief about which four management positions Plaintiff allegedly witnessed get filled by Caucasian males.  Accordingly, TPC denies the allegation.

11.     TPC admits that Russell Lejune was promoted over Walter Romeo but denies that Romeo was the most qualified applicant.  Plaintiff's allegation that "[o]ther positions" were shift supervisor positions is vague.  Accordingly, TPC denies the allegation.

12.     TPC admits that Baldwin was terminated for falsifying his time in 2009.  TPC denies that an investigation showed that other employees had done the same.  Furthermore, this allegation is barred by the applicable 300-day statute of limitations.

13.     TPC admits that Globke sent an inappropriate and racially charged e-mail to other TPC employees, but TPC denies that the quotation in Paragraph 13 is accurate.  TPC admits that the recipients of the e-mail did not report Globke, but denies that racism against African-Americans is "a norm" at TPC.  TPC admits that Globke's employment was terminated after Joe Johnson forwarded Globke's e-mail to Human Resources.  Regardless, this allegation is barred by the applicable 300-day statute of limitations.

14.     TPC is without information sufficient to form a belief about whether Plaintiff suffers from Pseudo Folliculitis Barbae and, more specifically, Plaintiff's alleged experience with it.  Accordingly, TPC denies those allegations.  TPC admits that Plaintiff refused to shave when asked by TPC's third party medical clinic as part of his annual respirator fit test.  TPC admits

that Plaintiff was given a notice of decision making leave for, among other things, his behavior surrounding his refusal to shave and several violations of company policies.

15. TPC is without information sufficient to form a belief about whether Plaintiff developed a large and painful sore from shaving in 2012. Accordingly, TPC denies the allegation. TPC denies that Plaintiff sought an accommodation from TPC. TPC admits that Plaintiff must maintain a clean-shaven face below his top line, in conformity with OSHA regulations and TPC's facial hair policy.

16. TPC admits that Plaintiff took his annual physical on April 23, 2013. TPC admits that the respirator fit test is part of the physical. TPC denies that Plaintiff took and passed the fit test with facial hair, as the test requires that the employee be clean shaven, which Plaintiff admits he was not.

17. TPC denies that Plaintiff completed his physical. TPC admits that the clinic manager told Plaintiff that he needed to shave and re-take the respirator fit test because he was not in compliance with OSHA regulations.

18. TPC admits that Plaintiff refused to retake the respirator fit test and, instead, began arguing with the employee about the OSHA regulations. TPC denies that Plaintiff asked the clinic to produce OSHA guidelines.

19. TPC admits that Plaintiff contacted Chrissy Clifton, Health, Safety, and Security Manager, to discuss TPC's facial hair policy. TPC admits that Clifton instructed Plaintiff that both OSHA regulations and TPC's policies require that Plaintiff shave below his lip line. TPC denies that Plaintiff previously took or passed respirator fit tests with facial hair. TPC admits that company nurse, Kathy Pierpoline, and Clifton both explained that TPC's facial hair policy required Plaintiff to shave. TPC denies that Pierpoline and Clifton told Plaintiff they "did not

care."  TPC denies that Pierpoline and Clifton told Plaintiff they were voiding Plaintiff's test results.  TPC admits that Plaintiff was told he needed to re-take the respirator fit test before he could return to work.

20.     TPC admits that Ronnie Johnson called Plaintiff and told him that he needed to comply with TPC's facial hair policy, but it denies that he did so on April 24, 2013.  TPC admits that Johnson told Plaintiff he could not return to work until he re-took and passed the respirator fit test.  TPC is without information sufficient to form a belief about whether Plaintiff attempted to call certain individuals.  Accordingly, TPC denies those allegations.

21.     TPC admits that Plaintiff called Pierpoline to discuss the facial hair policy.  TPC further admits that Plaintiff was told that the medical clinic voided Plaintiff's test results.  TPC denies that its facial hair policy is discriminatory or that it is racially selective.  TPC further denies that any of its employees were permitted to take the respirator fit test with facial hair.  TPC denies that Plaintiff was singled out by management.

22.     TPC admits that Plaintiff returned to the clinic and re-took the respirator fit test on April 25, 2013.  TPC denies that the facial hair policy was not applied to Caucasian workers.  Plaintiff is the only employee who refused to shave to take the respirator fit test.  Accordingly, TPC denies that other Caucasian employees were not punished, as they did not engage in the same conduct as Plaintiff.

23.     TPC denies the allegations.

24.     Paragraph 24 of the Amended Complaint refers to a document that speaks for itself.  TPC admits that Plaintiff was issued a Decision Making Leave ("DML") write up on May 7, 2013 and that it states that his badge was de-activated and that he could not return to work until he

completed his annual physical. TPC admits that Plaintiff worked the night shift on April 23, 2013.

25. Paragraph 25 of the Amended Complaint refers to a document that speaks for itself. TPC denies that the DML contains any fabrications, but rather, a typographical error—Plaintiff's badge was de-activated on April 24, 2013 and was re-activated on April 25, 2013, after he completed the required physical. TPC denies the remaining allegations in Paragraph 25 of the Amended Complaint.

26. TPC admits that Plaintiff's attorney sent a demand letter on May 3, 2013, but denies that the letter set forth any claim of discrimination. TPC denies that Plaintiff was disciplined because of his attorneys' demand letter. TPC admits that Plaintiff's DML contains a 2-year probationary period. TPC is without knowledge or information sufficient to form a belief regarding Plaintiff's comparison of his work-related probation to criminal probation for an offense of Driving While Intoxicated. Accordingly, TPC denies those allegations.

27. TPC denies that Plaintiff took any respirator test on May 7, 2013. TPC further denies that Plaintiff passed the respirator fit test on April 7, 2013.

28. TPC denies the allegations in Paragraph 28 of the Amended Complaint.

29. TPC denies the allegations in Paragraph 29 of the Amended Complaint.

30. Paragraph 30 of the Amended Complaint refers to a document that speaks for itself. TPC denies that Plaintiff's DML states that Plaintiff's facial hair was within OSHA guidelines. TPC admits that TPC's policy is more stringent than OSHA's minimum requirements. TPC further admits that OSHA requires a respiratory protection plan and annual fit testing. TPC denies that Plaintiff previously took and passed his previous respirator fit tests with facial hair. Plaintiff's allegation referencing 29 CFR 1910.134 is a sentence fragment and is vague; accordingly, TPC

denies the allegations. TPC denies that the enforcement of its facial hair policy is discriminatory. TPC admits that Plaintiff is required to be clean shaven below his top lip. TPC denies that any employee was allowed to wear their facial hair out of compliance. TPC further denies that there is any on-going discrimination. TPC admits that its operators are in compliance with TPC's facial hair policy but denies that this is to "cover up the discrimination." TPC further denies that Plaintiff was retaliated against. TPC admits that shift supervisors were reminded about TPC's facial hair policy after Plaintiff refused to shave at the medical clinic.

31. TPC denies the allegations in Paragraph 31 of the Amended Complaint.

32. TPC admits that Don Burrow reiterated the facial hair policy at a shift starter meeting, but only after Plaintiff failed to shave in compliance at his fit test. TPC denies that this shows that management was covering their tracks. TPC denies the remaining allegations in Paragraph 32 of the Amended Complaint.

33. TPC admits that the EHSS and Human Resources managers are women. TPC denies the remaining allegations in Paragraph 33 of the Amended Complaint.

34. TPC is without knowledge or information to form a belief about whether Plaintiff "must shave constantly" to be in compliance with TPC's facial hair policy. TPC denies that compliance with the policy places an "undue hardship" on Plaintiff. TPC further denies that the facial hair policy is arbitrary. Finally, TPC denies that Plaintiff's facial hair does not impede him from performing his work tasks.

35. TPC admits the allegations in Paragraph 35 of the Amended Complaint.

36. TPC denies the allegations in Paragraph 36 of the Amended Complaint.

37. TPC is without knowledge or information to form a belief about what Plaintiff reported to his attorney. Accordingly, TPC denies those allegations. TPC denies that Plaintiff was retaliated

against as a result of the letter sent by his former counsel. TPC further denies that Plaintiff's counsel's demand letter demanded that the company not retaliate against Plaintiff—the preamble of the demand letter erroneously presupposed that Plaintiff had already been terminated. TPC denies the remaining allegations in Paragraph 37 of the Amended Complaint.

38. TPC admits that Plaintiff was issued an addendum to his DML for falling asleep at work. TPC denies the remaining allegations in Paragraph 38 of the Amended Complaint and further denies that Plaintiff exhausted his administrative remedies with respect to this allegation.

39. TPC admits that Plaintiff's probation period was extended when he received the addendum to his DML. The remaining allegations in Paragraph 39 of the Amended Complaint contain argument and opinions. To the extent the remaining allegations in Paragraph 39 of the Amended Complaint make any factual allegations regarding TPC, those allegations are denied.

40. TPC admits that Plaintiff showed up at the Human Resources office to discuss the addendum to his DML. TPC is without knowledge or information sufficient to form a belief as to whether Plaintiff recorded that conversation. Accordingly, those allegations are denied.

41. TPC admits that James McNiel was terminated following an independent investigation. TPC denies that McNeil was found to engage in any "racially motivated tactics."

42. TPC denies that Plaintiff's probation is discriminatory or retaliatory. TPC admits that Plaintiff is ineligible for promotion beyond his current position until he is off probation. TPC denies the remaining allegations in Paragraph 42 of the Amended Complaint.

43. The allegations in Paragraph 43 of the Amended Complaint contain argument and opinions. To the extent the allegations in Paragraph 43 of the Amended Complaint make any factual allegations regarding TPC, those allegations are denied.

### G. Discrimination under Title VII

44.     Paragraph 44 states a legal conclusion to which no response is required.

45.     Paragraph 45 states a legal conclusion to which no response is required.

46.     Paragraph 46 states a legal conclusion to which no response is required.

47.     TPC denies that Plaintiff has exhausted his administrative remedies for all factual allegations asserted in his Complaint. The remainder of the allegations in Paragraph 47 contain legal conclusions to which no response is required.

48.     TPC denies the allegations in Paragraph 48 of the Amended Complaint.

49.     TPC denies the allegations in Paragraph 49 of the Amended Complaint.

50.     TPC denies the allegations in Paragraph 50 of the Amended Complaint.

## L. Relief Requested

51.     Paragraph 51 states a legal conclusion to which no response is required.

52.     TPC denies the allegations in Paragraph 52 of the Amended Complaint and denies that Plaintiff is entitled to the relief sought in Paragraph 52.

## M. Punitive Damages

53.     TPC denies the allegations in Paragraph 53 of the Amended Complaint and denies that Plaintiff is entitled to the relief sought in Paragraph 53.

## O. Attorney Fees

54.     TPC denies that Plaintiff is entitled to the relief sought in Paragraph 54.

## P. Jury Demand

55.     TPC admits that Plaintiff has required a trial by jury.

## Q. Prayer

56.     TPC denies that Plaintiff is entitled to the relief sought in his prayer, including those damages listed in (a) – (g).

57. All other allegations not expressly admitted are hereby denied.

## AFFIRMATIVE AND OTHER DEFENSES

1. Plaintiff's claims fail, in whole or in part, to state a claim upon which relief may be granted.

2. Plaintiff's claims are barred, in whole or in part, by applicable statutes of limitations.

5. TPC alternatively pleads that Plaintiff has failed to exhaust his administrative remedies.

6. TPC alternatively pleads that Plaintiff has failed to mitigate his damages.

7. TPC is entitled to an offset for all interim compensation or income received by Plaintiff.

8. TPC alternatively pleads that any action taken concerning the Plaintiff was taken for legitimate, non-discriminatory, non-retaliatory business reasons.

9. TPC alternatively pleads that Plaintiff's damages are limited by all applicable damage caps and limitations provided by law.

10. TPC alternatively pleads that Plaintiff cannot recover punitive damages for any alleged discrimination or retaliation they allege because any such alleged discrimination or retaliation would be contrary to TPC's good faith efforts to comply with laws governing such conduct.  TPC had anti-harassment and anti-retaliation policies in place and TPC educated its employees on these policies.

11. TPC alternatively pleads that Plaintiff is estopped and barred from alleging in this action matters which were not properly alleged or within the scope of charges timely filed with the Equal Employment Opportunity Commission or the Texas Workforce Commission.

12.     TPC pleads that any employment actions taken with respect to Plaintiff would have been necessary in the absence of any alleged impermissible factors.

13.     TPC asserts that Plaintiff cannot recover actual and punitive damages under multiple or different theories and causes of action for the same or similar acts.  Plaintiff is entitled to only one remedy for his claims.

14.     TPC alternatively pleads, upon information and belief, that any relief to which Plaintiff may be entitled is barred by the after-acquired evidence doctrine.

15.     TPC alternatively pleads that it is not liable for acts, if any, by employees that were not authorized by TPC, and that those employees had no express or implied authority to engage in acts that were inconsistent with TPC's written rules prohibiting conduct constituting unlawful discrimination, harassment or retaliation.  Any improper acts by certain individuals employed by or associated with TPC were beyond the course and scope of employment and TPC is not responsible for those actions.

Dated: July 29, 2014								Respectfully submitted,

                                By: /s/ Nancy L. Patterson
                                   Nancy L. Patterson
                                   State Bar No. 15603520
                                   Federal I.D. No. 19221
                                   npatterson@morganlewis.com
                                   Michael P. Jones
                                   State Bar No. 24072174
                                   Federal I.D. No. 1091718
                                   michael.jones@morganlewis.com
                                   Morgan, Lewis & Bockius LLP
                                   1000 Louisiana Street, Suite 4000
                                   Houston, Texas  77002
                                   (713) 890-5000 - Telephone
                                   (713) 890-5001 - Facsimile

ATTORNEYS FOR DEFENDANT
TPC GROUP LLC.

### CERTIFICATE OF SERVICE

I hereby certify that on the 29th day of July 2014, I filed the foregoing with the Clerk of Court via the ECF/CM system, which will electronically deliver a copy to all parties of record, including:

Christine L. Stetson
The Bernsen Law Firm
420 N. MLK, Jr. Pkwy
Beaumont, Texas 77701

                                          /s/ Michael P. Jones
                                          Michael P. Jones